DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIA FELICIANO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3506

[February 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 12-012311CF10A.

Hilliard Moldof of Hilliard E. Moldof, P.A., Fort Lauderdale, and Kelsey Moldof of Moldof Law, P.A., Fort Lauderdale, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the circuit court's order denying postconviction relief following an evidentiary hearing and remand for a new trial.

Appellant was convicted of one count of lewd or lascivious molestation. The victim was her son. Now an adult, the son testified that his mother fondled him while he bathed between 2004 and 2006 when he was around ten or eleven years old. He also testified that, at a different time, his mother open mouth kissed him. Appellant denied that the incidents occurred and suggested that her son had a motive to fabricate the story— there was family friction and her son had considered trying to become emancipated when he was fifteen. The jury found appellant guilty as charged. The trial judge sentenced appellant to eight years in prison followed by ten years of probation. Appellant's direct appeal was unsuccessful.

Appellant's motion for postconviction relief was based on her lawyer's failure to call two witnesses, appellant's sister and a long-time family

friend. Both witnesses had lived with appellant and her children. The testimony of both witnesses was favorable to appellant. The family friend would have directly contradicted the victim's claim in a deposition that appellant had salaciously kissed him in front of the family friend, who then chastised appellant. At trial, the defense lawyer stipulated that the sister should be precluded from testifying for violating the witness sequestration rule; the lawyer did not seek a hearing on the rule violation to determine any prejudice to the state, nor did she argue for a lesser sanction.

At the hearing below, the state commendably stipulated to defense counsel's ineffectiveness for failing to call the two witnesses to testify at trial. We have carefully reviewed the record. This was a credibility case, without any other tangible evidence, and the witnesses would have significantly undermined the victim's testimony and provided a counterpoint to the state's case. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), we find counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." There is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Reversed and remanded for a new trial.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**